IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

NELLY LOPEZ MOLINA

DEBTOR(S)

CASE NO. 17-00407-ESL

CHAPTER 13

**AMENDED DOCUMENT**

## TRUSTEE'S REPORT ON CONFIRMATION

1. A meeting of creditors pursuant to Section 341 was held on 03/08/2017. The meeting was (was not) duly attended by debtor(s) and their attorney.

2. The liquidation value of the estate is: $295,663.00

3. With respect to the attached payment plan:

AMENDED PLAN DATE: July 08, 2017          PLAN BASE: $245,100.00

TRUSTEE'S COMMENTS AND RECOMENDATIONS DATED: 8/30/2018

[ ] FAVORABLE          [X] UNFAVORABLE

1. [X] FEASIBILITY 11 USC § 1325(a)(6):

(1) Debtor is in arrears in the amount of $200,000.00, (lump sum) that was due on July of 2018 which was month 18, per amended plan dated July 8 of 2017 (dkt. 48). Trustee notes that this is debtor's second bankruptcy petition. Prior case 11-09811 was dismissed on May 3, 2018 since debtor failed to provide for a proposed lump sum in the amount of $415,000.00 at month 48 of plan. Lump sum was premised on the sale of real property. Now, in the instant case, debtor is proposing again the sale of real property in the amount of $200,00.00, sale that has not occurred. Debtor has not demonstrated to the Court or parties in interest, what efforts she has done to proceed with the sale of these properties or the status of the same per joint motion filed with creditor Roberto Garced, wherein debtor informed that she had a potential buyer (see dkt. 59, paragraph 5). If we consider the time frame from the 2011 case, to this date, a total of 7 years have elapsed and debtor has not been able to sell property. (2) Pending objection to confirmation filed by Roberto Garced alleging that the proposed plan is not feasible.

2. [X] FAILS DISPOSABLE INCOME TEST § 1325(b)(1)(B):

Debtor is to provide evidence and inform if she has been able to rent other apartments.

[X] OTHER:

1) Plan provides to pay Eastern America Insurance to Toyota Financial, however, insurance quote has not been provided. 2) Debtor is asked to review maturity date for Toyota Financial since plan indicates that is February 2012. 3) Plan propose payment in full to Toyota Financial. Trustee informs that creditor Toyota has not filed a proof of claim. Trustee will not make disbursement, nor retain funds unless a claim is filed.

NOTICE: This report anticipates Trustee's position as per 11 USC § 1302(b)(2) a copy of which has been served upon counsel for debtor(s). Copies are available to parties in interest at the Trustee's Office.

/s/ Pedro R Medina
Pedro R Medina

Atty: <u>WILBERT LOPEZ MORENO*</u>

USDC #226614
**ALEJANDRO OLIVERAS RIVERA**
Chapter 13 Trustee
PO Box 9024062, Old San Juan Station
San Juan PR 00902-4062
CMC - WG